PER CURIAM.
Plaintiff filed suit for personal injury protection benefits against the insurer and the parties settled the claim with a stipulated order of dismissal and a release. The release contained broad language typically used in the settlement of tort claims. When plaintiff again brought suit for subsequent expenses covered by PIP, insurer raised the release as a defense. The trial court determined the release did not bar the claim and insurer appeals. We affirm.
In Lasky v. State Farm Insurance Company, 296 So.2d 9, 16 (Fla.1974), our supreme court set forth what it concluded to be the public policy underlying our no-fault insurance law.
[W]e have concluded that the legislative objectives involved here included a lessening of the congestion of the court system, a reduction in concomitant delays in court calendars, a reduction of automobile insurance premiums and an assurance that persons injured in vehicular accidents would receive some economic aid in meeting medical expenses and the like, in order not to drive them into dire financial circumstances with the possibility of swelling the public relief rolls. Additionally, it is suggested that the Legislature considered recent contentions that the traditional tort system of reparations has led to inequalities of recovery, with minor claims being overpaid and major claims underpaid in terms of their true value, that the tort system of reparation was unduly slow and inefficient and that the preexisting automobile insurance system was unduly costly; it *113 has also been suggested that the pressing necessity of paying medical bills often forced an injured party to accept an unduly small settlement of his claims. (Footnotes omitted).
Since PIP benefits only include expenses already incurred, and not those which might be incurred in the future, we conclude that if the broad language of this release is sufficient to include future benefits, it is not enforceable because it is contrary to the public policy behind our no-fault insurance law.
Affirmed.
HERSEY and KLEIN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.